19-3838
Medrano Medrano v. Garland

BIA
Montante, IJ
A206 864 633

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-one.

PRESENT:   JOHN M. WALKER, JR.,
           PIERRE N. LEVAL,
           DENNY CHIN,
                *Circuit Judges.*

_____

ROLANDO MEDRANO MEDRANO, AKA
JASON AGOSTO CASTRO,
                *Petitioner*,

            v.                                                    19-3838

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
                *Respondent*.

_____

**FOR PETITIONER**: Anne E. Doebler, Buffalo, New York.

**FOR RESPONDENT:** Brian M. Boynton, Assistant Attorney General; Shelley R. Goad, Assistant Director; Tim Ramnitz, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Rolando Medrano Medrano, a native and citizen of Mexico, seeks review of a November 7, 2019 decision of the BIA affirming a May 16, 2019 decision of an Immigration Judge ("IJ") denying cancellation of removal. *In re Rolando Medrano Medrano,* No. A 206 864 633 (B.I.A. Nov. 7, 2019), *aff'g* No. 206 864 633 (Immig. Ct. Batavia May 16, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified and supplemented by the BIA and address only the agency's denial of relief as a matter of discretion. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 270 (2d Cir. 2005).

For a nonpermanent resident like Medrano Medrano, the agency may cancel removal where the applicant meets presence and character requirements, does not have disqualifying convictions, and shows "exceptional and extremely unusual

2

hardship" to a qualifying relative or relatives. 8 U.S.C. § 1229b(b)(1). But "cancellation of removal is a two-step process. First, an alien must prove eligibility by showing that he meets the statutory eligibility requirements. Second, assuming an alien satisfies the statutory requirements, the Attorney General in his discretion decides whether to grant or deny relief." *Mendez v. Holder*, 566 F.3d 316, 319-20 (2d Cir. 2009) (internal quotation marks omitted).

Our jurisdiction to review a denial of cancellation as a matter of discretion is limited to colorable constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 36 (2d Cir. 2008). A question of law may arise where the agency overlooked or mischaracterized evidence, *see Mendez*, 566 F.3d at 323, considered a prohibited factor, *Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010), or applied "a legally erroneous standard," *Barco-Sandoval*, 516 F.3d at 39. No such claims are presented here.

As an initial matter, Medrano Medrano did not exhaust his challenges to the IJ's denial of cancellation of removal as a matter of discretion on appeal to the BIA. Accordingly, his current challenges to the exercise of discretion based on purported errors in the agency's interpretation of his criminal record are not properly before us. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 118-20, 125 (2d Cir. 2007).

3

Even if exhausted, Medrano Medrano's arguments do not raise a colorable question of law sufficient to invoke our jurisdiction. Medrano Medrano argues the BIA mischaracterized his criminal history. He asserts that (1) the BIA misrepresented his alcohol-related charges as criminal convictions involving abuse of alcohol, (2) the agency relied on a citation for public intoxication for which there is no record, and (3) the agency mischaracterized his firearm offense as involving an unregistered weapon and one of his two convictions for driving under the influence ("DUI") as aggravated. The BIA did not "seriously mischaracterize[]" the record. *Mendez*, 566 F.3d at 323. First, it did not improperly refer to charges as convictions nor indicate there was abuse of alcohol; rather it noted, "[Medrano Medrano] has been charged criminally on seven different occasions in four separate states" and notes that "five of these incidents involve the *consumption* of alcohol, including a citation for public intoxication, an open container citation, possession of alcohol in a public park, and two convictions for driving under the influence, including an aggravated driving under the influence." Certified Administrative Record at 2 (emphasis added). And the BIA did not err as a matter of law in relying on evidence of conduct that did not result in conviction. *See Wallace v. Gonzales*, 463 F.3d 135, 139 (2d Cir. 2006) (holding that agency may consider an applicant's "anti-social conduct -- whether leading to a conviction . . . or no legal

4

judgment whatsoever -- as an adverse factor in evaluating an application for discretionary relief").

Second, the record reflects that a South Carolina court did not keep records going back to 2003, and not that Medrano Medrano was never charged or convicted of public intoxication. And it is not clear that the BIA was relying on a 2003 South Carolina charge when it referenced a charge for public intoxication: Medrano Medrano testified to open container and disorderly conduct charges in South Carolina in 2001, and the record reflects a charge for consuming alcohol on the street in Florida in 2002. Based on this record, there is no indication that the BIA mischaracterized or ignored evidence. *See Mendez*, 566 F.3d at 323 ("We readily acknowledge that the agency does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy . . . ."); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) ("[W]e do not demand that the BIA expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." (internal quotation marks omitted)).

Third, the BIA did not mischaracterize Medrano Medrano's firearm charge or any of his DUI convictions. As to the firearm, he contends that the BIA mistakenly referred to the charge as involving an *unregistered* pistol. The BIA's use of the term unregistered is not a serious mischaracterization of the record given that Medrano

5

Medrano was charged in South Carolina with unlawful possession or carrying of that weapon regardless of its registration status. Similarly, Medrano Medrano's argument that the BIA mischaracterized one of his DUI convictions as aggravated is unavailing because the record as a whole indicates that the agency was considering the Government's argument that the conviction was particularly serious because Medrano Medrano was convicted of driving without insurance in the same incident. Thus, while the agency may not have summarized the criminal record with perfect accuracy, it did not "seriously mischaracterize[]" the facts. *Mendez*, 566 F.3d at 323.

Medrano Medrano also argues the agency overlooked circumstances surrounding his criminal charges that bear on their probative value as well as facts demonstrating sufficient rehabilitation since his alcohol-related offenses. There is no indication that the agency did not consider the facts in rendering its decision. *See Jian Hui Shao*, 546 F.3d at 169. And Medrano Medrano's challenge to the probative value of charges amounts to a challenge to the weight the agency afforded to a particular factor, which is a discretionary determination that we lack jurisdiction to review. *See Noble v. Keisler*, 505 F.3d 73, 74 (2d Cir. 2007) ("Because we conclude that the BIA did not reject a finding of fact by the IJ that [petitioner] was rehabilitated, but instead evaluated the nature and extent of his rehabilitation as one equity among many in exercising its discretion, we conclude that the petitioner is, in substance, asking us to review an

6

exercise of discretion by the BIA."); *Argueta*, 617 F.3d at 113 (distinguishing between consideration of a prohibited factor, which raises a question of law, and balancing of factors, which is an unreviewable factual determination). Similarly, the agency was permitted to consider rehabilitation or the lack thereof, and the weight given to that factor is outside of our review. *See In re C-V-T-*, 22 I. & N. Dec. 7, 11 (B.I.A. 1998) (requiring agency to review the "record as a whole" and "balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his . . . behalf to determine whether the granting of relief appears in the best interest of this country" (internal quotation marks and alteration omitted)); *Argueta*, 617 F.3d at 113 (citing *C-V-T-* and noting "agency's broad discretion to decide whether to grant cancellation of removal as a matter of grace").

For the foregoing reasons, the petition for review is DISMISSED. Any pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7